# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY A. PEARSE, ET AL., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CITY OF MIDWEST CITY, ET AL., )<br>)<br>Defendants. ) | NO. CIV-09-1322-HE |

## ORDER

Plaintiffs filed a putative class action complaint against defendant City of Midwest City ("City"),[1] alleging the city violated the federal and state constitutions, state law and city ordinances in conjunction with cleanup work or limb removal the City performed on their real property. They have filed a motion seeking class certification, which defendant opposes.

To be certified, a proposed class must satisfy the requirements of Fed.R.Civ.P. 23(a) and the requirements of one of the types of classes in Rule 23(b). DG ex rel. Stricklin v. Devaughn, 594 F.3d 1188, 1194 (10th Cir. 2010). Plaintiffs, as the party seeking class certification, bear the burden of proving the Rule's requirements are met. *Id.* The district court must accept the substantive allegations of the complaint as true when determining whether the proposed class satisfies Rule 23's requirements. *Id.* The court need not, though, "blindly rely on conclusory allegations of the complaint which parrot Rule 23 and may consider the legal and factual issues presented" by the complaint. *Id.* (internal quotations omitted).

---

[1] *Jay Eskey and Ronald Sloan were sued initially but were dismissed without prejudice by joint stipulation of the parties.*

"Rule 23(a) requires numerosity of class members, commonality of at least one question of fact or law among the class, typicality of named plaintiffs' claims or defenses to the class's claims or defenses, and adequacy of the named plaintiffs and their attorneys as class representatives." *Id.* Defendants contend that none of these requirements are met.

The starting point in the court's analysis is the class definition. The problem is the class, as currently defined, is too broad. Plaintiffs propose a class defined as "[a]ll persons who have been assessed a cost by the City of Midwest City for tree limb removal, cleanup of trash or mowing grass performed on property in Midwest City by or at the direction of the City of Midwest City since November 30, 2007, or, who have had a lien filed on their real property by the City of Midwest City for the cost of tree limb removal, cleanup of trash or mowing grass which is still unpaid."[2] Plaintiffs' response to defendant's surreply, Doc. #37, p. 3.[3] As defendants note, the proposed class includes <u>all</u> property owners who have been billed or had a lien placed on their property for cleanup work performed by the City. As the definition is not limited to property owners whose constitutional rights allegedly were violated, it potentially includes persons who were not injured by defendant's asserted conduct.

---

[2]*This definition differed, though not significantly, from that stated in the complaint.*

[3]*Plaintiffs offered yet another variation of their class definition in their supplemental reply [Doc. #41], p.1. There they state they are seeking certification of a class to include "all putative class members who have had tree limb or rubbish removed from their property by Defendant, and, also, all putative class members who have had weeds mowed from their property, or, trash cleaned from their property and have had a lien filed on their property by the Defendant City of Midwest City."*

The same flaw in the class definition exists in the documents plaintiffs offer to establish the element of numerosity. Their evidence that "1,515 putative class members have in common the fact that the Defendant entered onto their property and performed clean up work pursuant to 11 O.S. § 22-111," plaintiff's supplemental reply [Doc. #41], p. 2, does not differentiate between property owners who may have § 1983 claims against the City and those who do not. *See generally* Stricklin. 594 F.3d at 1198 "The Advisory Committee's Note to Rule 23 explains certification is appropriate even if the defendant's action or inaction "has taken effect or is threatened only as to one or a few members of the class, provided it is based on grounds which have general application to the class.") (emphasis added) (quoting Fed.R.Civ.P. 23(b)(2), 1966 Amendment advisory committee note. 4).

Beyond these matters grounded in the class definition, the submissions of the parties suggest a wide range of circumstances encompassed by persons and situations within the class. The amended complaint and class definition appear to embrace both situations where some allegedly defective notice was given to the affected property owner and situations where no notice was given at all. They embrace circumstances where a particular owner may have invoked procedures available to him/her under the municipal code to contest the notices or liens and others where no such effort was made. They appear to embrace actions by the city directed to a wide range of factual circumstances over an extended period — not just limbs cleaned up following an ice storm, but also grass mowed at various times and other circumstances. As to one plaintiff, there is apparently a dispute as to whether the city's lien on particular property was or was not paid. This wide range of circumstances implicates

3

Rule 23's requirements of commonality and typicality, as well as the requirement that class representatives adequately represent the interests of putative class members.

"While the court should not pass judgment on the merits of the case at the class certification stage, it must conduct its own rigorous analysis, to ensure Rule 23's requirements are met." *Id*. 594 F.3d at 1194 (internal quotations omitted). The court had been hampered in its task by plaintiffs' impermissibly broad definition of the proposed class. This, plus the indicated issues as to commonality and typicality, compel the conclusion that plaintiffs' motion to certify a class [Doc. #20] should be and is **DENIED**.

**IT IS SO ORDERED**.

Dated this 20th day of December, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE